FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 18 2021

MITCHELL R. ELFERS
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CARNELL HUNNICUTT, Sr.,
    Plaintiff,

v.                                            NO. 2:21-cv-00867-JCH-JFR

ALISHA TAFOYA-LUCERO, et.al.,
    Defendants.

PLAINTIFF'S REPONSE TO DEFENDANT KEEFE GROUP, LLC'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Pro Se Plaintiff Carnell Hunnicutt, Sr., response to the Defendant Keefe Group, LLC Motion to Dismiss, states as follows:

I.                          Introduction

Pro Se Plaintiff Carnell Hunnicutt, Sr. is a prisoner housed at the Southern New Mexico Correctional Facility. On December 22, 2020, filed the Complaint on this matter in the First Judicial District Court for the state of New Mexico. Plaintiff repeatedly attempted to the New Mexico Secretary of State Office to serve Keefe Group without success, only to lose $25.00 processing fee never returned (Attachments A) This explains the delay for Defendant Keefe receiving the Complaint in August 2021. Plaintiff's Response to Defendant Keefe Group, LLC's Motion to Dismiss and Memorandum In Support There of follows.

Plaintiff brings claims against corrupt state defendants and Keefe/Access, a better known corporate prostitute who solicits contracts from governmental agencies to provide shoddy services, while selling inferior products of their knock-off brands for inflated prices to the prisoner market. These defendants actions violate state and federal anti-trust laws, including the New Mexico Anti-Trust Act, the Sherman Act, the Clayton Act, and the Robinson-Patman Act. To support his claims Plaintiff

(1)

focuses on the fact that he has no other avenue but to purchase food items only from Keefe Group. Although other approved vendors/competitors food items which are cheaper at fair market value are banned due to Keefe Group monopoly on said items. The same applies to Keefe Group Access Secure Pak and Access Corrections Music Services. Because of the monopoly, it enables Keefe Group, a singular entity to corner the market, allows for predatory marketing and pricing practices to be promulgated against the Plaintiff/prisoners. The Plaintiff complains that the defendants entered into a collusive correctional contract that under cuts all competition on the front end to reap large rewards after the contract(s) are awarded by price increases, mark-ups on services/food items, with no competitive choice. This monopoly do not exist without the agreement of of a governmental agency acting in collusion with another party. [Doc. 1-2 at ¶ 6]. Plaintiffs facts support his claims that the Defendants are exploiting prisoners/himself by charging exorbitant prices that exceed fair market value with no competition choice(s). [Doc. 1-2 at ¶¶ 16, 23-24].

## II. LEGAL STANDARD

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." but a "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). To survive dismissal under Fed. R. Civ. P. 12(b)6, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on it's face." Leverington v. City of Colorado Springs, 643 F.3d 719, 723 (10th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

(2)

This standard does not require "detail factual allegations," but does require more than "lables and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). When applying the standard, the Court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the most favorable to the plaintiff's. Leverington, 643 F.3d at 723 (quoting Diaz v. City & County of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009). The plausibility standard is not akin to a 'probability requirement' but...[does] ask[] for more than a sheer possibility that a defendant acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is remote and unlikely'." Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint need only to "raise a right to relief above the speculative level ... on the assumption that all [it's] allegations... are true (even if doubtful in fact)." Id. at 555 (citations omitted). However, "[W]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Here, all of Plaintiff's claims are not subject to dismissal for stating claims under the Unfair or Deceptive Acts or Practices and state/federal Anti-Trust Laws against Defendant Keefe.

III. Analysis

Plaintiff's complaint and claims of anti-competitive conduct against Keefe are pretty clear that the monopoly it has on the New Mexico

(3)

Correctional Department violates the New Mexico Antitrust Act, Sherman Antitrust Act, Clayton Act, and the Robinson-Patman Act.

A. <u>Plaintiff's claims under the New Mexico Antitrust Act must prevail by statute</u>

Plaintiff's claims pursuant to the New Mexico Antitrust Act (N.M. Stat. Ann. §57-1-3) which states "Contracts for restraint of trade or monopoly void" must prevail as a matter of law because it voids out the contract at issue. Keefe's attorney argument that Section 57-1-16(A) of NMSA 1978 § 57-1-1 is flawed. he states that said section "explicitly authorizes the contract at issue" (to create a monopoly). What 57-1-16 [Lawful activities] states is: "Nothing contained in the Antitrust Act [57-1-1 to 57-1-17 NMSA 1978] is intended to prohibit actions which are:

A. clearly and expressly authorized by any state agency or regulatory body acting under a clearly articulated and affirmatively expressed state policy to displace competition with regulation; and

B. actively supervised by state agency or regulatory body which is constitutionally or statutorily granted the authority to supervise such actions when the agency or regulatory body does not have any proprietary interest in the action.

The Defendants in this matter think the word 'displace' means monopoly when it doesn't. Section 33-1-17(B) applies to correctional facilities in Guadalupe, Lea and Santa Fe New Mexico, not Doña Ana. Section 57-1-3 of the New Mexico Antitrust Act, 57-1-1.1 NMSA 1978 applies not merely to contracts that are on their face violative of the Act, but also to facially legal contracts that have the object of violating the antitrust laws; the defense of contract illegality stems from the express provision of the Act. United Nuclear Corp. v. General Atomic Co., 1980-NMSC-094, 96 N.M. 155, 629 P.2d 231, 1980 N.M. Lexis 2727 (N.M. 1980), cert. denied, 451 U.S. 901, 101 S. Ct. 1966, 68 L. Ed. 2d 289,

(4)

1981 U.S. LEXIS 1637 (U.S. 1981). Section 57-1-3 allows the Plaintiff to sue the Defendants for price fixing. See California v. ARC America Corp., 490 U.S. 93, 109 S.Ct. 1661, 104 L.Ed. 2d 86, 1989 U.S. LEXIS 2024 (U.S. 1989) (Pursuant to this section (57-1-3), indirect purchasers of products that have been subject to price fixing are allowed to sue for all overcharges passed on to them by direct purchasers.) NMSA § 57-1-4 does not exempt the Defendants, and NMSA § 57-1-13 does not bar the Plaintiff from pursuing Keefe under the Antitrust Act involving interstate or foreign commerce.

B. Plaintiff's Federal Antitrust Claims must Prevail and States a Claim that will Prevail

Plaintiff assertion of federal laws being violated that includes, the Sherman Anti-trust Act, Clayton Antitrust Act, and Robinson-Patman Act. The Plaintiff claims that the restraint of trade through the combination, conspiracy, through contract to monopolize violate these federal acts. Plaintiff is not claiming the federal constitution to be provided with retail outlets. Plaintiff claims he's being subjected to unfair or deceptive acts or practices ("UDAP") that is causing substantial injury to himself and consumers which is not reasonably avoidable, and not outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. § 45(n) (2012). Plaintiff have an actionable claim for unfair or unconscionable practices because of his inability to avoid injury: Keefe sell essential goods/services through state created monopolies/monopoly, and employ unfair tactics. Plaintiff have no alternative. As one court found, families who pay exorbitant phone rates do so "out of sheer desperation for contact with their loved ones. James v. Global*Tel Link, No. 13-cv-4989, 2018 WL 3727371 at *2 (D.N.J.

Aug. 6, 2018) (opinion re: motion to certify class). Under the UDAP Plaintiff claims are on the frequent facial violations of said statute, in the form of use of monopoly power to extract excessive fees. see E.g. Ford v. ChartOne, Inc. 908 A.2d 72 (D.C. App. 2006) (consumer pleaded a valid claim for unconsciously high prices under the D.C. Consumer Protection Procedures Act, where plaintiff's only way to obtain copies of his own medical records was to pay $6.36 per page to contractor selected by the medical provider); Plaintiff claim Keefe pays a kickback to the issuer of a government contract that results in exorbitant fees passed on to the Plaintiff. Stalker v. MBS Direct, No. 10-11355, 2011 WL 797981, at *6 (E.D. Mich. Mar. 1, 2011) (plaintiff's properly stated a claim under the Michigan Consumer Protection Act by alleging that 4-11% commission that book vendor paid to school district unreasonably inflated cost of textbooks sold to students); class cert. denied 2012 WL 6642518 (E.D. Mich. Dec. 20, 2012). Because Keefe is able to use it's market power to inflict harm on the Plaintiff/prisoners. it's trade practices are potentially subject to a private action under section 4 of the Clayton Act. 15 U.S.C. § 15 (2012), Keefe violates the Robinson-Patman Act through it's price discrimination and the Sherman Anti Trust Act for unreasonable restraint of trade. The Plaintiff and those similarly situated are being injured and continue to be injured by unfair and deceptive acts or practices with no ability to avoid injury by Keefe and it's monopoly.

IV. Conclusion

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request this Court go forward with Plaintiff's complaint, and grant other relief as the Court deems just and proper.

Respectfully submitted.

CARNELL HUNNICUTT, SR.
INMATE ZABl66
PO BOX 639
LAS CRUCES, NM 88004

(6)

CERTIFICATION OF SERVICE

I hereby certify that on this 12th day of October 2021, I
submitted a copy of the following via SNMCF institutional mail
to:

GALLAGHER & KENNEDY, PA
Scott Woody
1239 PASEO DE PERALTA
SANTA FE, NM 87501-2758

CARNELL HUNNICUTT, SR.

MR. CARNELL HUNNICUTT, SR. 77910
INMCF 2AB106
PO BOX 639
LAS CRUCES, NM 88004

LEGAL MAIL

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

**RECEIVED**

OCT 18 2021

MITCHELL R. ELFERS
CLERK

EL PASO TX 798

16 OCT 2021 PM 2 L

Hasler      FIRST-CLASS MAIL

**US POSTAGE** $000.53°

ZIP 88004
011E11677301

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
OFFICE OF THE CLERK, SUITE 270
333 LOMAS BLVD, N.W.
ALBUQUERQUE, NM 87102

87102-2274470

LEGAL MAIL

LEGAL MAIL