## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CARNELL HUNNICUTT, SR., and on
behalf of all those similarly situated,

      Plaintiff,

vs.                                                                       No. CV 21-00867 JCH/JFR

ALISHA TAFOYA-LUCERO, ROBERT LEON,
NMCD, JAY ARMIJO, KEEP CORPORATION
(TO INCLUDE KEEFE COMMISSARY NETWORK,
ACCESS CORRECTIONS, AND ACCESS SECURPAK),

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Complaint (Tort)

filed by Plaintiff Carnell Hunnicutt, Sr. in the State of New Mexico, County of Santa Fe, First

Judicial District Court, and removed to this Court on September 2, 2021. (Doc. 1, 1-2). Also

pending before the Court is Defendant Keefe Group LLC's Motion to Dismiss for Failure to State

a Claim. (Doc. 2). The Court concludes that Plaintiff's Complaint fails to state a claim on which

relief can be granted, will grant Keefe's Motion to Dismiss, and will dismiss the Complaint.

### I.  Factual and Procedural Background

Plaintiff Carnell Hunnicutt Sr. is a prisoner in the custody of the New Mexico Department

of Corrections. At the time he filed the Complaint, Plaintiff was incarcerated at the Southern New

Mexico Correctional Facility. (Doc. 1-2 at 1, 3). Plaintiff filed his Complaint in the State of New

Mexico, County of Santa Fe, First Judicial District Court on December 20, 2020. (Doc. 1-2). The

case was removed from New Mexico state court by Defendant Keefe Group, LLC, incorrectly

identified as Keefe Corporation ("Keefe") on September 2, 2021. (Doc. 1).

Plaintiff describes the nature of the action as follows:

"This complaint deals with the participating Defendants willingly and knowingly violating state/federal Antitrust laws solely to generate revenue from incarcerated people and their families through commissary mark-up and music services. Plaintiff seeks treble damages and injunctive relief to prevent anti-competitive conduct while alleging price discrimination and price fixing to combine and conspire creating a monopoly and unethical business practices by the Defendants."

(Doc. 1-2 at 1). Plaintiff names, as Defendants, New Mexico Corrections Department ("NMCD"), New Mexico Secretary of Corrections, Alicia Tafoya-Lucero, Robert Leon, Director of NMCD Corrections Industries Division, Jay Armijo, Vice Chair of the Corrections Industries Commission, and Keefe. (Doc. 1-2 at 1, 2). Plaintiff claims that Defendants' actions violate "N.M.S.A. § 57-1-2, § 57-1-3, Sherman Anti-Trust Act, Clayton Antitrust Act and Robinson-Patman Act." (Doc 1-2 at 5). His prayer for relief asks the Court to:

> "*Declare all Defendant actions violated antitrust laws,
> *Injunctive relief to immediately void the Keefe contract and open the canteen/music services to competitors who offer services at affordable fair market value
> *Issue a decree to abolish long-term monopoly contracts
> *Award compensatory damages against Defendants Tafoya-Lucero, Leon, NMCD, Armijo and Keefe Corp. for decades the Plaintiff paid exorbitant fees for food/music, etc.
> *Award punitive damages against all Defendants."

(Doc. 1-2 at 6).

Defendant Keefe filed its Motion to Dismiss on September 9, 2021. (Doc. 2). Keefe seeks dismissal of the claims against it under Fed. R. Civ. P. 12(b)(6) for failure of the Complaint to state a claim for relief. (Doc. 2). Plaintiff Hunnicutt has filed a Response to Keefe's Motion to Dismiss. (Doc. 5). Because the Court concludes, on initial screening under 28 U.S.C. § 1915A and Rule 12(b)(6), that the Complaint does not state a claim for relief, and nothing in Plaintiff's Response changes that conclusion, the Court will grant the Motion to Dismiss.

## II. Screening Pursuant to 28 U.S.C. § 1915A

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

A reviewing court should "begin by identifying ... [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams* 490 U.S. 319, 327–28 (1989).

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III. Analysis of Plaintiff Hunnicutt's Complaint

**A. Putative Class Action Claims:**

Plaintiff Hunnicutt, proceeding *pro se*, seeks relief on his own behalf and on "behalf of all those similarly situated." (Doc. 1-2 at 1). "The right to proceed *pro se* in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. [B]ecause *pro se* means to appear for one's self, [however,] a person may not appear on another person's behalf in the other's cause[;] rather, a person must be litigating an interest personal to him." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011). In *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d 1320 (10th Cir.2000), the Tenth Circuit concluded that a litigant may bring his own claims to federal court without counsel, but not the claims of others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id.* at 1321 (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975)); *see also* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1 (citing cases for the rule that class representatives cannot appear *pro se*). Plaintiff Hunnicutt may not proceed in this case on behalf of any person other than himself.

**B. Federal Antitrust Claims:**

Plaintiff is a prisoner in the custody of the New Mexico Department of Corrections ("NMCD") and is currently incarcerated at Guadalupe County Correctional Facility. (Doc. 1-2 at 1; Doc. 6). Plaintiff asserts that, while he was incarcerated at Southern New Mexico Correctional Facility, Defendants marked up commissary prices, over-priced food and drink package programs, and limited purchases of music, electronic technology, and electronic messaging systems to one retailer. (Doc. 1-2 at 3-5). Plaintiff contends these actions were based on a contract that constitutes a monopoly contract and was created for the purpose of engaging in anti-competitive practices, price discrimination, and price fixing in violation of the Sherman Anti-Trust Act, the

Clayton Antitrust Act, and the Robinson-Patman Act.  (Doc. 1-2 at 1, 3-5).

The Sherman Antitrust Act makes it unlawful to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States". 15 U.S.C.A. § 2. The Sherman Act voids contracts made in violation of the Act and authorizes an action by any person "injured in his business or property" to bring an action to recover damages.  15 U.S.C. § 3.  The Clayton Act amends and modifies the Sherman Antitrust Act.  15 U.S.C. § 13.  The Clayton Act, states in relevant part: "It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them ..." 15 U.S.C. § 13(a).

The authority to enforce this provision of the Clayton Act is vested in the Federal Trade commission and the United States Attorney General and there is no private right of action. *See* 15 U.S.C. § 21 (1995). The Robinson-Patman Act prohibits price discrimination. 15 U.S.C. § 13; *Motive Parts Warehouse v. Facet Enterprises,* 774 F.2d 380, 389-90, 393 (10th Cir. 1985).  The Robinson-Patman Act similarly does not afford any private right of action and is enforceable only through the provisions of the Clayton Act. *Ahlgrim v. Keefe Grp., LLC*, No. CV 16-177 JB/GJF, 2016 WL 9819520, at *2–3 (D.N.M. Oct. 19, 2016), *report and recommendation adopted sub nom.*

*Ahlgrim v. Keefe Grp., LLC.*, No. CIV 16-0177 JB/GJF, 2016 WL 7246110 (D.N.M. Nov. 30, 2016).

Plaintiff Hunnicutt asserts Sherman Act, Clayton Act, and Robinson-Patman Act claims against NMCD, and its officials, Tafoya-Lucero, Leon, and Armijo.  (Doc. 1-2 at 1-2).  In *Parker v. Brown* 317 U.S. 341, 350–52 (1943), the United States Supreme Court held that the Sherman Anti–Trust Act does not apply to the operation of a state agency, such as NMCD. *See id.* at 350–51 ("We find nothing in the language of the Sherman Act or in its history which suggests that its purpose was to restrain a state or its officers or agents from activities directed by its legislature."). The state action exemption articulated in *Parker* has been expanded to apply to all of the federal antitrust laws, including the Clayton Act and the Robinson-Patman Act.  *See, e.g., Parker Testing Laboratory v. Board of Regents for Oklahoma Agriculture and Mechanical Colleges,* 993 F.2d 768 (10th Cir. 1993).  Therefore, Plaintiff's claims against NMCD and NMCD officials Tafoya-Lucero, Leon, and Armijo fails to state a claim on which relief can be granted.

Similarly, Plaintiff claims that, through its contract with NMCD, Keefe has an unlawful monopoly and engages in price discrimination in violation of the federal antitrust laws in operating a commissary service for prisoners, providing food package programs, and selling music, electronic technology and electronic messaging systems.  (Doc. 1-2 at 3-5).  Plaintiff's claims against Keefe also fail to state a claim. To the extent Plaintiff's claim is based on federal antitrust violations because prisoners must purchase their goods, packages, music, or electronic technology from Keefe and because the Keefe charges excessive fees, the antitrust laws do not apply. See *Dehoney v. S. Carolina Dep't of Corr.*, 1995 WL 842006, at *1 (D.S.C. 1995), *aff'd*, 72 F.3d 126 (4th Cir. 1995).

As set out, above, the federal antitrust laws are inapplicable to NMCD's restriction on a prisoner's ability to purchase packaging items from outside suppliers or at market rates. The State of New Mexico, through NMCD, has not restrained trade or created an illegal monopoly by purchasing its commissary items and music from a single company but, instead, has imposed restraints as an act of government which the antitrust laws did not undertake to prohibit. *See Parker* 317 U.S. at 352; *McGuire v. Ameritech Services, Inc.* 253 F.Supp.2d 988, 1007–08 (S.D. Ohio 2003) (state has absolute authority to regulate its prison system, and state's decision to utilize a monopolized collect calling system did not violate the Sherman Anti-Trust Act).

Maintenance and operation of a state's prisons involves sophisticated judgments concerning security. Requiring prisons to deal with multiple suppliers could result in an increased flow of contraband, which could jeopardize the safety of the institution. *See Jordan v. Mills,* 473 F.Supp. 13, 17 (E.D. Mich. 1979). Federal interference in prison officials' contracting to exercise this function through application of federal antitrust regulation is the type of threat that led the Supreme Court to imply the "State action exemption" in the first instance. *Jordan v. Mills*, 473 F. Supp. at 17. *See also Talbert v. Keefe Group,* 2018 WL 6435334 at *2 (E.D. Pa. 2018); *Bader v. Keefe Supply Co.,* 2018 WL 3391546 at *4 (E.D. Mo. 2018).  The Complaint does not state a federal antitrust claim for relief against Keefe.

Plaintiff's claims against all Defendants under the Sherman Anti–Trust Act, the Clayton Act, and the Robinson-Patman Act are barred by the state action exemption, as established in *Parker v. Brown* 317 U.S. 341, 350–52 (1943). Accordingly, the federal antitrust claims in plaintiff's Complaint will be dismissed.

### C.  State Antitrust Claims:

Plaintiff also seeks relief under §§ 57-1-2 and 57-1-3 of the New Mexico Antitrust Act.

(Doc. 1-2 at 5).  Section 57-1-2 provides:

> "It is hereby declared to be unlawful for any person to monopolize, or combine or conspire with any other person or persons to monopolize, trade or commerce, any part of which trade or commerce is within this state."

Section 57-1-3 renders all contracts or agreements in violation of § 57-1-2 void.  NMSA 1978, §

57-1-3.  Section 57-1-1.2 of the New Mexico Antitrust Act states:

> "As used in the Antitrust Act, 'person' means an individual, corporation, business trust, partnership, association or any governmental or other legal entity **with the exception of the state . . ."**  (emphasis added).

Further, the Act provides that "[n]othing contained in the Antitrust Act is intended to prohibit

actions which are . . .clearly and expressly authorized by any state agency or regulatory body acting

under a clearly articulated and affirmatively expressed state policy to displace competition with

regulation."  NMSA 1978, § 57-1-16.  NMSA § 33-1-17(B) expressly authorizes NMCD to enter

into contracts relating to the operation of correctional facilities.

By its terms, the New Mexico Antitrust Act does not apply to the State of New Mexico,

including its agencies and officials.  NMSA 1978, §§ 57-1-1.2; 57-1-16.  Therefore, as officers

and agencies of the State of New Mexico, Defendants Tafoya-Lucero, Leon, Armijo, and NMCD

cannot be held liable for violation of the New Mexico Antitrust Act.  NMSA 1978, § 57-1-1.2.

Nor may Keefe Corporation (or its component sub-companies) be held liable under the

Act.  NMSA 1978 § 57-1-16. If parties were allowed to sue companies or other entities that

contract with the State, that would circumvent the express language of § 57-1-1.2 and defeat the

New Mexico Legislature's intent to except contracts with the State from operation of the Act.  *See,

e.g., Valdez v. State*, 54 P.3d 71, 75-76 (N.M. 2002).  The Complaint fails to state a claim for relief

under the New Mexico Antitrust Act, §§ 57-1-2 and 57-1-3.

**D.  Plaintiff's Complaint Does Not Allege or State Any Claim for Section 1983 Relief:**

Plaintiff Hunnicutt does not expressly allege any civil rights claim under 42 U.S.C. § 1983. However, he uses terminology such as "individual capacity," "official capacity," and action "under color of state law" and references the Eighth and Fourteenth amendments to the U.S. Constitution. (Doc. 1-2 at 2-3, 5).  Plaintiff's allegations might be considered to be an attempt to assert a § 1983 claim.  To the extent Plaintiff's Complaint could possibly be construed as asserting a civil rights claim, it fails to state any § 1983 claim for relief.

There is no protected liberty interest or constitutional right to canteen access or commissary purchases. *See*, *e.g.*, *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding); *Bennett v. Cannon*, 2006 WL 2345983, at *2 (D.S.C. 2006) ("[t]here is simply no freestanding constitutional right to canteen privileges at all."). Claims concerning canteen or commissary prices do not have constitutional implications because prisoners have no right to use of a prison commissary. See e.g., *Pagan v. Westchester County*, 2014 WL 982876, *17 (S.D.N.Y. 2014) (price gouging by prison commissary does not constitute a constitutional violation); *Moore v. Ozmint*, 2012 WL 762460, *10 (D.S.C. 2012) (no constitutional right to competitively priced canteen items, because canteen access is not a protected liberty interest); *Hopkins v. Grondolsky*, 759 F. Supp. 2d 97, 102 (D. Mass. 2010) citing *Henderson v. Quarterman*, 2008 WL 3005476, at *7 (S.D. Tex. Aug. 1, 2008) (loss of commissary and recreation privileges are not atypical, significant deprivations that could encroach upon any liberty interest); *Hopkins v. Keefe Commissary Network Sales*, 2007 WL 2080480, *5 (W.D. Pa. 2007) (prisoner had no right to injunction against commissary charging exorbitant prices). See also *Oliver v. Greenwell*, 2005 WL

2406015, *3 (E.D. Mo. 2005) (rejecting prisoner's challenge based on lack of items available to purchase at prison canteen).

Plaintiff's monopoly and price discrimination claims do not state a § 1983 claim for relief. *Madison v. Parker*, 104 F.3d at 768.  Further, to the extent Plaintiff seeks to assert claims against NMCD and official capacity claims against Defendants Tafoya-Lucero, Leon, and Armijo, those Defendants are agencies and officials of the State of New Mexico and not "persons" for purposes of § 1983 relief.  The State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 67, 71; *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). Therefore, any damages claims against the NMCD and the official capacity claims against Tafoya-Lucero, Leon, and Armijo fail to state any § 1983 claim for relief.

### E.  Injunctive Relief Under 1983 After Transfer:

Plaintiff's claims are allegedly based on events occurring when Plaintiff was incarcerated at Southern New Mexico Correctional Facility. (Doc. 1-2 at 3).  Plaintiff requests "[i]njunctive relief to immediately void the Keefe contract and open the canteen/music services to competitors who offer services at affordable fair market value."  (Doc. 1-2 at 6).  A prisoner plaintiff may not maintain § 1983 claims for temporary, preliminary, or permanent injunctive relief based on conditions of incarceration if the plaintiff is no longer housed at the facility.  *See Green v. Branson,*

108 F.3d 1296, 1300 (10th Cir.1997); *White v. State,* 82 F.3d 364, 366 (10th Cir.1996).  Once a prisoner is released from the prison facility, injunctive relief would have no effect on defendants' behavior and, therefore, injunctive relief is moot. *Green,* 108 F.3d at 1300; *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010).

In this case, the rule that injunctive relief becomes moot applies both where the prisoner is released from prison and where the prisoner is transferred to a different prison facility. *See Love v. Summit County,* 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985).  Plaintiff Hunnicutt has been transferred from Southern New Mexico Correctional Facility to Guadalupe County Correctional Facility and may no longer seek injunctive relief for claims arising at Southern New Mexico Correctional Facility. *Green,* 108 F.3d at 1300.

## IV.  The Court Will Not Grant Leave to Amend

In deciding whether to dismiss the Complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the Complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

In this case, Plaintiff Hunnicutt's claims are deficient because they are without a legal basis rather than because they are factually insufficient.  As set out, above, there is no legal basis that would support a claim for the matters asserted in the Complaint and Plaintiff cannot remedy this legal deficiency.  Therefore, granting Plaintiff leave to amend in this case would be futile and any

amendment would be subject to immediate dismissal under Rule 12(b)(6). Therefore, the Court will not grant leave to amend the Complaint in this case. *Bradley v. Val-Mejias,* 379 F.3d at 901.

**IT IS ORDERED:**

(1) the Motion to Dismiss filed by Defendant Keefe Group, LLC (Doc. 2) is **GRANTED;** and

(2) the Complaint (Tort) filed by Plaintiff Carnell Hunnicutt, Sr. (Doc. 1-2) is **DISMISSED** for failure to state a claim on which relief can be granted.

_____
SENIOR UNITED STATES DISTRICT JUDGE